(C. D. 612)

CAPE FEAR SHIPPING CO., ACCOUNT OF JAKE MOSKOWITZ v. UNITED STATES

United States Customs Court, Third Division

(Decided April 9, 1942)

*Emmett H. Bellamy* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This action is brought to recover the amount of duty assessed upon an importation of matting rugs entered on an Immediate Transportation entry at the port of New York for transshipment to the port of Wilmington, N. C., where they were entered for consumption. The plaintiff, who is the importer of the rugs, claims in his pleadings that the shipment was found to have been damaged to the extent of 35.025 per centum, and that no duty should have been assessed upon the damaged merchandise.

From the evidence produced it is apparent that when the goods were examined at the importer's warehouse a portion thereof was found to be mouldy and the damaged rugs thus found were later sold by the importer at auction. The acting appraiser at the port of Wilmington testified that he inspected the rugs and found 154 bales out of the 200 damaged to the extent of 40 per centum; that such damage was due to mould and some of the rugs were rotten; that he made a report of the damage to the collector, which report was introduced in evidence as exhibit 3.

Said exhibit 3 in evidence, insofar as pertinent, is as follows:

\* \* \* \* \* \* \*

Acting on a written request from Mr. Moskowitz, I went to his warehouse on February 16th, 1938, and examined 100% of the above merchandise, finding 154 bales of the matting rugs damaged. The extent of damage I estimated to be 40%, the damage consisting of mold and fading of the stenciled colors. In places where the mold was heaviest the rugs were almost rotten and would tear apart with very little pressure.

In course of a conversation with Mr. Moskowitz, he stated that most of the damaged rugs will be sold to other merchants at a reduced price thus continuing in the commerce of this country.

The remaining 46 bales of rugs I found to be in good condition; if there were any damage at all, I failed to find it.

At the close of the hearing the Government attorney moved to dismiss the protest on the ground that the plaintiff had failed to make out a *prima facie* case. We find that this motion is well founded and should be granted. The Tariff Act of 1930 provides for allowance for damage under certain conditions therein set forth in sections 506 and 563. Under authority of those sections of the act the Secretary of the Treasury has promulgated regulations (articles 800-

803 and 816 of the Customs Regulations of 1937). The regulations having been provided for in the statute, compliance therewith is a condition precedent to recovery. It is apparent from the record that the plaintiff has not brought himself within either of these sections and has not complied with the regulations.

The plaintiff at the hearing requested that the title of the suit be changed. The case is entitled *John D. Bellamy & Sons* v. *United States*. The protest is filed by John D. Bellamy as attorney for "Cape Fear Shipping Company, account of Jake Moskowitz." It appears from the record that the proper party plaintiff is "Cape Fear Shipping Company, account of Jake Moskowitz." We will consider the request of the plaintiff's attorney as a motion to amend the title of the suit, and the proof indicating that the motion is well taken, we direct that the title be changed to read "*Cape Fear Shipping Company, account of Jake Moskowitz* v. *United States.*"

For the reasons above set forth the protest is dismissed.