(C. D. 1482)

ARMOUR AND COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 9, 1952)

*Eugene R. Pickrell* (*Michael Stramiello, Jr.*, of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: This case involves an importation of canned meats from Argentina on September 22, 1941. The original protest is against the collector's decision assessing duty on the entire shipment, and it is claimed that a refund should have been authorized under section 563 of the Tariff Act of 1930, as amended, and the customs regulations, since there was injury or destruction of said canned meats while within the limits of the port of entry and before having been landed under the supervision of the officers of the customs. In an amendment to the protest, it is claimed, first, that the liquidation is illegal, null, and void in that it assessed duties on the entire importation, disallowing the claim for refund because of the destruction or injury of a portion of the importation while within the limits of the port and before having been landed, and, second, that in so assessing the duties on the entire importation and disallowing the importer's claim for refund, the collector illegally exercised the statutory function of the Secretary of the Treasury as provided in section 563 of the Tariff Act of 1930, as amended, and failed to comply with the mandatory provisions of the customs regulations and the Customs Manual.

When the case was called for trial, the Government moved to dismiss the protest on the ground that the court has no jurisdiction of the subject matter under the provisions of section 563 of the Tariff Act of 1930, as amended. At the same time, the plaintiff made a cross-motion for an order holding that the liquidation of the entry was invalid because the collector failed to comply with the mandatory provisions of the customs regulations and the Customs Manual.

The following facts were then agreed upon: The merchandise involved herein consists of canned meats imported at the port of New York on September 22, 1941, on the S. S. "Uruguay." While within the limits of the port of New York on September 22, 1941, the said vessel was in a collision with another vessel or vessels. Subsequently, and on September 24, 1941, the merchandise was entered at the port of New York. After the discovery of an alleged injury to a portion of the importation, the importer or its agent filed with the collector of customs at the port of New York customs Form 4315 in duplicate, making claim for a refund or abatement of duty under the provisions

of section 563 (a), *supra*. The following documents were filed with the collector as evidence of such injury:

Affidavit of Moore-McCormack Lines, dated September 30, 1941.

Letter of Koehler & Koehler, cargo surveyors and appraisers, dated September 29, 1941.

Letter of Albert R. Lee & Co., Inc., surveyors, appraisers, and adjusters, dated September 29, 1941.

On December 4, 1942, the appraiser of merchandise at the port of New York reported to the collector on said customs Form 4315, as follows:

Rate of damage, or loss or theft, none.

On March 31, 1950, the collector liquidated the entry, assessing duty on the entire importation, making no allowance for the portion claimed by the importer to have been injured. The collector did not at any time forward a report of an investigation of the claim, the application and evidence of injury filed by the importer or its agent, or the appraiser's report to the Bureau of Customs or to the Secretary of the Treasury.

The pertinent provision of the tariff act and the regulations issued in connection therewith are as follows:

SEC. 563. ALLOWANCE FOR LOSS—ABANDONMENT OF WAREHOUSE GOODS.

(a) ALLOWANCE.—In no case shall there be any abatement or allowance made in the duties for any injury, deterioration, loss, or damage sustained by any merchandise while remaining in customs custody, except that the Secretary of the Treasury is authorized, upon production of proof satisfactory to him of the loss or theft of any merchandise while in the appraiser's stores, or of the actual injury or destruction, in whole or in part, of any merchandise by accidental fire or other casualty, while in bonded warehouse, or in the appraiser's stores, or while in transportation under bond, or while in the custody of the officers of the customs, although not in bond, or while within the limits of any port of entry and before having been landed under the supervision of the officers of the customs, to abate or refund, as the case may be, the duties upon such merchandise, in whole or in part, and to pay any such refund out of any moneys in the Treasury not otherwise appropriated, and to cancel any warehouse bond or bonds, or enter satisfaction thereon in whole or in part, as the case may be, but no abatement or refund shall be made in respect of injury or destruction of any merchandise in bonded warehouse occurring after the expiration of three years from the date of importation. The decision of the Secretary of the Treasury as to the abatement or refund of the duties on any such merchandise shall be final and conclusive upon all persons. [As amended by the Customs Administrative Act of 1938.]

The Secretary of the Treasury is authorized to prescribe such regulations as he may deem necessary to carry out the provisions of this subdivision and he may by such regulations limit the time within which proof of loss, theft, injury, or destruction shall be submitted, and may provide for the abatement or refund of duties, as authorized herein, by collectors of customs in cases in which the amount of the abatement or refund claimed is less than $25 and in which the

importer has agreed to abide by the decision of the collector. The decision of the collector in any such case shall be final and conclusive upon all persons.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

## Article 801, Customs Regulations of 1937:

**Art. 801. Application—Evidence—Report.**—(*a*)　No abatement or refund will be made unless there shall be filed within 30 days from the date of discovery of the loss, theft, injury, or destruction an application in duplicate on customs Form 4315, and within 90 days from the said date the evidence of such loss, theft, injury, or destruction hereinafter required is submitted.

(*b*)　The application and evidence shall be filed with the collector of customs at the port where the loss, theft, injury, or destruction occurred,　\*　\*　\*.

(*c*)　The collector will submit the application to the appraiser for the appraisement of the merchandise and a report as to all facts in the case within the knowledge of his office. The collector will cause such further investigation to be made as he may deem necessary and will forward to the Bureau of Customs a report thereof, accompanied by the application and evidence and the appraiser's report. The collector's report shall include a statement as to the date of maturity of the bond, if any, the amount due thereon, and the amount of duty paid or due.

The above regulations were in effect at the time entry was made and the application for a refund was filed. Similar regulations were contained in the provisions of section 15.1, Customs Regulations of 1943, and section 15.1, Customs Manual, in effect at the time of liquidation herein.[1]

Three separate claims are made in the protest and the amendment thereto: (1)　That a refund should have been authorized pursuant to section 563 of the Tariff Act of 1930, as amended; (2)　that the liquidation is illegal, null, and void because the claim for a refund was disallowed; and (3)　that in disallowing the claim, the collector illegally exercised the statutory function of the Secretary of the Treasury as provided in section 563 of the Tariff Act of 1930, as amended, and failed to comply with mandatory provisions of the customs regulations and the Customs Manual.

Section 563 (a), *supra*, provides that an allowance for a loss such as that alleged herein may be made by the Secretary of the Treasury, and that the "decision of the Secretary of the Treasury as to the abatement or refund of the duties on any such merchandise shall be final and conclusive upon all persons," except that in certain cases involving less than $25 the Secretary may provide for such abatement or refund by collectors of customs, in which case the decision of the collector shall be final and conclusive on all persons. It is clear, therefore, that this court has no authority to grant or disallow an abatement or refund of duties under the circumstances set forth in section 563 (a) and has no authority to review the decision of the

---

[1] Subsequent revisions of these sections, dated April 4, 1952 (T. D. 52968), are not applicable to this case. The references herein to section 15.1, Customs Regulations of 1943, and section 15.1, Customs Manual, are to said sections as they appeared prior to the revisions of April 4, 1952.

Secretary of the Treasury, or, in cases involving less than $25, the collector. *T. D. Downing Co.* v. *United States*, 73 Treas. Dec. 406, T. D. 49441, rehearing denied, 73 Treas. Dec. 1324, Abstract 38855; *McKesson & Robbins* v. *United States*, 13 Cust. Ct. 290, Abstract 49737.

The first and second claims in the instant case are to the effect that a refund should have been authorized under the circumstances alleged and that the liquidation is illegal because the claim for a refund was disallowed. Since this court has no jurisdiction to grant or disallow a refund or to review a proper decision granting or disallowing a refund under the circumstances herein alleged, plaintiff's first and second claims must be dismissed. The defendant's motion to dismiss the protest is granted to that extent.

The third claim, however, presents a different problem. It is alleged therein that the collector illegally exercised the function of the Secretary of the Treasury and failed to comply with certain mandatory regulations. While this court may not review issues the final determination of which has been conferred upon the Secretary of the Treasury, the validity of the action of the Secretary or other administrative official may be reviewed by the court, provided the legality of such action is properly raised by the filing of a timely protest. *Waterman Steamship Corp.* v. *United States*, 30 C. C. P. A. (Customs) 119, 125, C. A. D. 223; *Hampton, Jr., & Co.* v. *United States*, 14 Ct. Cust. Appls. 350, T. D. 42030 (affirmed in *J. W. Hampton, Jr., & Co.* v. *United States*, 276 U. S. 394; *United States* v. *Tower & Son*, 14 Ct. Cust. Appls. 421, T. D. 42058; *Carl Zeiss, Inc.* v. *United States*, 23 C. C. P. A. (Customs) 7, T. D. 47654. In *Barr* v. *United States*, 324 U. S. 83, the Supreme Court stated (p. 94):

* * * Congress has granted judicial review of the decisions of the collector including the legality of the orders and findings entering into the protested decision. §§ 514–517. If the decision of the collector contravenes the statutory scheme and disregards rights which Congress has bestowed, the fact that he acts pursuant to the directions of the Secretary does not save his decision from review. * * *

The instant case involves the validity of a finding of the collector entering into the protested decision, namely, that no refund should be allowed because of the alleged injury or destruction of a portion of the imported merchandise. It is claimed, in effect, that the collector disregarded the statutory scheme by exercising a function reserved to the Secretary of the Treasury or his duly empowered representative and by failing to comply with certain mandatory regulations. Under these circumstances, the court may review the legality of the collector's action. As to plaintiff's third claim, therefore, defendant's motion to dismiss the protest is denied.

We turn now to plaintiff's cross-motion for an order holding that the liquidation of the entry here involved is invalid. In view of the

fact that the protest has been dismissed as to all claims except that of the legality of the liquidation and since the facts of the case have been agreed to by stipulation, the motion is equivalent to a submission of the protest and will be so treated.

As stated above, the final decision as to the allowance of a refund under the circumstances alleged herein rests with the Secretary of the Treasury pursuant to the provisions of section 563 (a) of the Tariff Act of 1930, as amended. Said section also authorized him to prescribe such regulations as may be necessary to carry out its provisions. It is well established that regulations made by the Secretary of the Treasury under a specific authorization within a statute are mandatory and have the force and effect of law. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T. D. 32386; *MacNichol Packing Co.* v. *United States*, 14 Ct. Cust. Appls. 400, T. D. 42050; *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C. C. P. A. (Customs) 5, T. D. 48976; *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351; *United States* v. *Washington State Liquor Control Board*, 34 C. C. P. A. (Customs) 118, C. A. D. 352.

In order to carry out the provisions of section 563 (a), *supra*, the Secretary of the Treasury promulgated article 801, Customs Regulations of 1937, *supra*, and subsequently section 15.1 of the Customs Regulations of 1943 and section 15.1 of the Customs Manual. Article 801 (*a*), Customs Regulations of 1937, and section 15.1, Customs Regulations of 1943, make it mandatory for the importer to follow the procedure set forth therein in making claim for abatement or refund of duties. Failure to comply bars his right to recover. *Cape Fear Shipping Co., etc.* v. *United States*, 8 Cust. Ct. 229, C. D. 612. In the instant case, the importer complied with the regulations applicable to it.

Under article 801 (*c*), Customs Regulations of 1937 (subsequently in section 15.1 of the Customs Manual), the collector is required, when an application for abatement or refund of duties on injured merchandise has been filed, (1) to submit the application to the appraiser for the appraisement of the merchandise and a report as to all facts in the case within the knowledge of his office, (2) to cause such further investigation to be made as he may deem necessary, (3) to forward to the Bureau of Customs a report thereof, accompanied by the application, the evidence of loss or injury, and the appraiser's report. In the instant case, the collector complied with the first requirement and presumably with the second, but he failed completely to comply with the third requirement.

Mandatory regulations have been held to be binding alike on importers and on Government officials and failure on the part of Government officials to comply with such regulations may not be allowed

to deprive the importer of his rights. *American Sugar Refining Co.* v. *United States,* 1 Ct. Cust. Appls. 228, T. D. 31273; *Penick & Ford (Ltd., Inc.)* v. *United States,* 12 Ct. Cust. Appls. 432, T. D. 40611; *Joseph E. Seagram & Sons, Inc.* v. *United States,* 30 C. C. P. A. (Customs) 150, C. A. D. 227; *M. A. Hoenecke* v. *United States,* 22 Cust. Ct. 28, C. D. 1154. "The Government can not be permitted to make regulations mandatory upon the importer, and on its part disregard them." *Penick & Ford (Ltd., Inc.)* v. *United States, supra,* page 439.

In the instant case, the collector failed to comply with article 801 (*c*), Customs Regulations of 1937 (subsequently in section 15.1 of the Customs Manual) which required him to forward to the Bureau of Customs a report of his investigation, together with the importer's application, the evidence of loss or injury, and the appraiser's report. Therefore, disallowance of any refund of duties was the act of the collector rather than that of the Secretary of the Treasury or his duly empowered representative. Since the amount involved herein appears to be more than $25, the collector had no authority to make a final decision in the matter. Final decision rested with the Secretary of the Treasury and the collector's failure to comply with the regulations precluded him from considering the claim. Thus, the plaintiff was deprived of its rights by failure on the part of Government officials to comply with mandatory regulations promulgated under section 563 (a) of the Tariff Act of 1930, as amended. The liquidation of the entry herein, necessarily involving a decision which the collector had no authority to make, is illegal and void.

For the reasons stated above, the protest is dismissed as to the claim set forth in the original protest and the first claim in the amendment to the protest. The second claim in the amendment to the protest is sustained, and the liquidation of the entry involved herein is held illegal and void. Judgment will be rendered accordingly, directing the collector to comply with the regulations set forth in article 801 (*c*), Customs Regulations of 1937 (subsequently section 15.1 of the Customs Manual), so that a legal liquidation may be had.