BEFORE THE THIRD DIVISION, JULY 11, 1963

**No. 67894.**—Delia Failde *v.* United States, protest 62/15189 (Tampa).

DONLON, Judge: The merchandise of this protest consists of carved stone figures, animal heads, and columns, imported from Mexico. It was assessed with duty at 34 per centum ad valorem under paragraph 214 of the Tariff Act of 1930, as modified, as articles in chief value of mineral substances, decorated. The protest recites that application for an allowance for damage, customs Form 4315, was filed and that such application showed that 5 pieces of carved stones (animal heads) and 12 pieces of columns were broken when the importer received the merchandise. What plaintiff protested was the "increased duties," requesting that consideration be given to these facts.

It seems doubtful that this protest sufficiently recites the facts which section 514 requires. However, this issue has not been raised, and we proceed to decision on the merits.

When the case was called for trial at Tampa, plaintiff appeared in her own behalf. She made certain statements, but these are not in evidence, inasmuch as plaintiff was not sworn as a witness. The official papers were received in evidence on offer by counsel for defendant. Mr. R. W. McIntyre, comptroller of Blaser's Nurseries, Inc., importer of the merchandise, testified in plaintiff's behalf. He was examined by Judge Lawrence and was cross-examined by defendant's counsel.

It appears from the official papers that the merchandise was entered at the port of Tampa, Fla., on September 14, 1961, and that it was released from customs custody on September 15, 1961, with no exceptions noted by the inspector. Thereafter, the plaintiff filed an application for abatement or refund of duty on customs Form 4315. This application is dated April 13, 1962. It was claimed in the application that when the importer was sorting out the imported articles, it was found that the following were broken: 5 pieces carved stones (animal heads) and 12 pieces of columns—3 sections idol and stonewares. The appraiser's report on customs Form 4315 is dated May 7, 1962, signed May 15, 1962, and notes the claimed damage as "100%." However, the collector denied the application on May 16, 1962, on the ground that the merchandise was in apparent good condition at the time of release from customs custody and that report of damage was not made until 7 months thereafter.

Meanwhile, on May 10, 1962, the entry was liquidated and duty assessed. Protest is dated June 6, 1962.

Mr. McIntyre testified that he first saw the merchandise in March 1962 at Blaser's Nurseries and that this was some months after the merchandise was released from customs custody. Mr. McIntyre said he was shown certain cartons of broken articles; that he did not see the cases before they were opened, but that he was present when part of the merchandise, in one case, was removed from the case. He said:

* * * It would appear that Blaser's was very lax in this. We handle a lot of merchandise in warehouse, not unpacked, and it was unpacked and uncrated over a period of time. And that's how this was discovered. There is also some laxness on the part of Blaser's on calling this to the attention of the broker or an attorney to file.

Q. Well, so far as you know the damage may have occurred after the merchandise was removed from the cases?—A. It is quite possible but personally I doubt it. [R. 10.]

The right of the Government to duties accrues on importation, and no allowance may be made, unless the terms of some statutory provision for allowance are met. Certainly, it has not here been shown that the merchandise was so worthless, *at the time of importation*, as to constitute, in fact, a nonimportation. *Silberman-Becker Corp.* v. *United States*, 27 CCPA 79, C.A.D. 65; *H. S. Dorf & Co., Inc.* v. *United States*, 35 Cust. Ct. 43, C.D. 1719; *Lawder* v. *Stone*, 187 U.S. 281; *United States* v. *Shallus*, 2 Ct. Cust. Appls. 332, T.D. 32074. Merchandise which has merely been damaged prior to arrival at the port of entry, or which arrives in bad order, is not within this rule. *Wm. J. Jones and Co.* v. *United States*, 38 CCPA 158, C.A.D. 453.

The appraiser's report, on the customs Form application 4315, does say that the damage claimed was, in fact, 100 per centum. However, his report was based on inspection long after release of the merchandise from customs custody and speaks (and can speak) only as to the condition of the merchandise at the date of such inspection. This does not establish that breakage, to an extent (100 per centum) that rendered the merchandise valueless, occurred prior to landing in the United States. Mere evidence that many months after importation the merchandise was found to have been seriously damaged by breakage, is insufficient to establish the facts required for the allowance plaintiff is claiming. *Frank P. Dow Co., Inc.* v. *United States*, 64 Treas. Dec. 764, Abstract 24607.

There can be no abatement or refund of duties because of destruction of merchandise after its release from Government custody, except under special circumstances, which are not applicable here. Section 558, Tariff Act of 1930, as amended.

As to section 563, as amended, that is a statutory provision enabling the Secretary of the Treasury to make allowance based on damage incurred *while merchandise is in customs custody*. Even if plaintiff had shown this to be true, and she has not, the decision of the Secretary, under that section, is "final and conclusive upon all persons," and we are without authority to overrule it. *Armour and Company* v. *United States*, 29 Cust. Ct. 296, C.D. 1482.

On the record here presented, the protest is overruled. Judgment will be entered accordingly.