(C.D. 3935)

CAMILO E. ROSELLO, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 1, 1969)

*Jaime Pieras, Jr.,* for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Andrew P. Vance,* trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The merchandise of this protest consists of Baboon plywood which was exported from Surinam and entered at San Juan, Puerto Rico, on March 20, 1961. It is claimed by the plaintiff-importer that duties paid upon importation should be refunded on that portion of the imported merchandise which was destroyed by fire on March 24, 1961.

The essential facts of this controversy are not in dispute. From the evidence adduced upon the trial and established in the record it appears that the involved plywood (classified under 19 U.S.C.A., section 1001, paragraph 405 [paragraph 405, Tariff Act of 1930] as modified by T.D. 52739 and assessed for duty at the rate of 20 per centum ad valorem) was released by the customs authorities to the carrier on March 23, 1961. On that same day part of the shipment of plywood was removed by plaintiff from pier 5 where it was unladen. Early the next morning a fire on pier 5 consumed and destroyed the remaining portion of the plywood shipment still on the pier awaiting removal by plaintiff. A few weeks later (April 11, 1961) plaintiff filed with the collector of customs at San Juan an application on customs form 4315 for refund of the duties paid on the plywood destroyed in the fire. The application was denied by the collector on April 13, 1961, and following liquidation of the entries on November 5, 1962, plaintiff seasonably protested the collector's action.

The provisions of 19 U.S.C.A., section 1563, subsection (a) (section 563, subsection (a), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938) on which plaintiff's application for duty was apparently based, reads in relevant part as follows:

(a) In no case shall there be any abatement or allowance made in the duties for any . . . loss . . . sustained by any merchandise

while remaining in customs custody, except that the Secretary of the Treasury is authorized, upon production of proof satisfactory to him of the loss . . . of any merchandise . . . while in the custody of the officers of the customs, although not in bond . . . to abate or refund, as the case may be, the duties upon such merchandise, in whole or in part, and to pay any such refund out of any moneys in the Treasury not otherwise appropriated . . . . The decision of the Secretary of the Treasury as to the abatement or refund of the duties on any such merchandise shall be final and conclusive upon all persons.

Since it is not disputed by plaintiff and is unequivocally established in the evidence that the merchandise in question was not in customs custody at the time of its destruction by fire, we are unable to find any legal basis for an allowance of the duty refund sought by plaintiff. Except under circumstances not shown to exist here, there can be no refund of duties because of destruction of merchandise after its release from customs custody. *Delia Failde* v. *United States*, 51 Cust. Ct. 170, 171, Abs. 67894 (1963).

And as for relief under subsection (a) of section 1563 the court is powerless to review any determination of the Secretary of the Treasury made thereunder even if plaintiff has brought itself within the ambit of that statute. The decision of the Secretary of the Treasury under that statute with respect to duty refunds is final and conclusive upon all persons, and not subject to review by or in this court. *Delia Failde* v. *United States*, *supra*. Under the circumstances, the protest herein is overruled.

Judgment will be entered accordingly.