BEFORE THE SECOND DIVISION, NOVEMBER 23, 1954

**No. 58526.**—Marconi International Marine Communication Co., Ltd. *v.* United States, protest 178502–K (New York).

LAWRENCE, Judge: Plaintiff herein protests the classification and assessment with duty of certain items of merchandise consisting of two echometer projectors composed of 74 component parts each.

The following stipulation of fact has been entered into by the parties—

It is hereby stipulated by and between Tompkins & Tompkins, attorneys for the Plaintiff, and the Assistant Attorney General for the United States, Defendant:

1. That the above-named protest is limited to the items of merchandise marked "A" and checked with the initials WR by Examiner W. Rippner on the invoices covered by the above-named protest, which were assessed with duty at 65% ad valorem plus 3¢ for each part or piece of material contained therein, under paragraph 368 (c) (3), Tariff Act of 1930.

2. That said above-marked items are in chief value of metal.

3. That said above-marked items are the same in all material respects as the echometer projector which was the subject of decision in the case of *Marconi International Marine Communications Co., Ltd.* v. *United States*, C. D. 1515 (decided April 9, 1953), wherein it was held that the merchandise was properly classified under paragraph 368 as a part of depth-sounding mechanisms, devices and instruments, and that the record in said C. D. 1515 may be received into evidence in this case.

4. That the above-named protest is submitted for decision upon this stipulation and the record in said C. D. 1515, and the right to amend the protest is hereby waived.

\*    \*    \*    \*    \*    \*    \*

While it is conceded by the parties that the merchandise and the issue in this case are the same as in *Marconi International Marine Communications Co., Ltd.* v. *United States*, 30 Cust. Ct. 162, C. D. 1515, the record of which has been incorporated herein, plaintiff states in its brief that—

We have taken this opportunity to re-present the issues to the Court because it is believed the Court will wish to consider more carefully a basic point of law which the Court evidently did not consider in deciding the former case. This point of law was not argued in the briefs in the incorporated case.

This point of law involves the question of whether the President can be [*sic*] executive proclamation remove an imported article from one tariff provision to another provision by making the former provision more specific. The ultimate holdings of this Court in the incorporated case imply that the President can do so. We say this because the controlling reason for the decision in favor of the Government in the former case seems to be predicated upon the following factors:

> If we were to consider that an echometer of which the present importation is a part would be encompassed by the provision for electrical signaling apparatus in paragraph 353 as modified, *supra*, as claimed by plaintiff herein, and also by the provisions of paragraph 368 as modified, *supra*, we would be led to the conclusion that the latter classification must prevail. The pro-

vision for "depth-sounding mechanisms, devices, and instruments" in paragraph 368 as modified, *supra*, and the provision for electrical signaling apparatus in paragraph 353 as modified, *supra*, are both use provisions but the former being more descriptive of the article in controversy and specifically indicative of its chief use would control its classification.

An examination of the language used by Congress in enacting paragraph 368 will disclose that *it does not contain a specific provision* for "depth-sounding mechanisms, devices, and instruments." This quoted language is not a part of the Tariff Act of 1930. It thus appears that the reasoning of the Court in the incorporated case is predicated upon the theory that in determining the relative specificity of two competing tariff provisions it is quite in order to compare the Congressional wording of one provision (Paragraph 353 wherein Congress specifically provided for electrical signaling apparatus) with the President's wording in the other provision (the provision in paragraph 368 for depth-sounding mechanisms is not Congressional language). [Italics quoted.]

In support of its contention that the President cannot by proclamation pursuant to the provisions of the trade agreements act transfer an article from one tariff provision to another, plaintiff's brief states that "It would be unconstitutional, and the point seems to us to be so obvious and the citations so numerous and well-known as to require no further argument—*Field* v. *Clark*, 143 U. S. 649."

Even though this point was not raised in the brief of plaintiff in the original *Marconi* case, *supra*, the court is throughly familiar with the stated doctrine. which, however, was not announced in the *Field* case, *supra*.

The basic question which was determined in the *Field* case was that the authority conferred upon the President by section 3 of the act of October 1, 1890, 26 Stat. ch. 1244, pages 567, 612, to suspend by proclamation the free introduction of sugar, molasses, coffee, tea, and hides, when he is satisfied that any country producing such articles imposes duties or other exactions upon the agricultural or other products of the United States which he may deem to be reciprocally unequal or unreasonable, is not open to the objection that it unconstitutionally transfers legislative power to the President.

It is obvious, therefore, that the *Field* case is not authority for the proposition here presented by plaintiff that the President cannot, under the guise of powers conferred upon him by the trade agreements act, transfer an article of commerce from one tariff provision to another. However, reliable authority for that statement does appear in the decision of this court in *Abercrombie & Fitch Co.* v. *United States*, 9 Cust. Ct. 336, C. D. 709, and of our appellate court in *United States* v. *Canadian National Railways*, 29 C. C. P. A. (Customs) 272, C. A. D. 202.

It would appear that counsel for the plaintiff has placed an interpretation upon the decision of this court in the former *Marconi* case which a considered reading of it would not justify. The decision of this court in that case was not predicated upon the relative specificity of the provisions of paragraphs 368 and 353, prior to or subsequent to modification by the General Agreement on Tariffs and Trade. On the contrary, it was based on the fact that the detailed record before the court, rather than disturbing the classification of the collector, caused us to affirm his decision that the echometer projector was primarily and chiefly part of a depth-sounding mechanism, device, or instrument used to measure the distance to the ocean bed. The device of which the imported articles formed a part was *eo nomine* provided for in paragraph 368 (a) (1), (2), and (3) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 368 (a) (1), (2), and (3)), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802), and a rate of duty of $1.15 each and 17½ per centum ad valorem was provided therefor. However, there was no reduction in duty on parts of such device, with the result that the duty provided in the basic act, paragraph 368 (c) (3) (19 U. S. C. § 1001, par. 368 (c) (3)), of 65 per centum ad valorem and 3 cents for each such part or piece of material continued in effect.

The comparison made in the incorporated decision between the classification by the collector in paragraph 368 (a) (1), (2), and (3) and (c) (3) of said act, or as modified, as parts of depth-sounding devices, which are mechanisms to measure distance, and the classification contended for by the plaintiff pursuant to the provisions of paragraph 353 of said act (19 U. S. C. § 1001, par. 353), as modified by the General Agreement on Tariffs and Trade, *supra*, for parts of electrical signaling apparatus, was purely a supposititious one to point out with greater emphasis the untenability of plaintiff's claim.

We are at a loss to understand the argument of plaintiff's counsel that the modification by the General Agreement on Tariffs and Trade to paragraph 368 of the Tariff Act has infringed upon the provisions of paragraph 353 of said act. The pertinent provision of paragraph 368, as originally written, provides for "any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares * * *." The pertinent modification of said paragraph 368 is in the following terms—

Ships' logs, standard marine chronometers having spring-detent escapements, and *depth-sounding mechanisms, devices, and instruments; all the foregoing intended or suitable for measuring time, distance or speed,* whether or not in cases, containers or housings, and valued at more than $10 each. [Italics supplied.]

From a consideration of the above-quoted provisions of paragraph 368, as originally written by Congress and as modified by the trade negotiators pursuant to the trade agreements act in the General Agreement on Tariffs and Trade, it is apparent that a lower rate of duty has been provided for specific mechanisms, devices, and instruments "intended or suitable for measuring time, distance, or speed," namely, depth-sounding mechanisms, devices, and instruments, which, but for the modification, would have been encompassed by the provision in the basic act for "any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares."

In the circumstances, we fail to see how the point of law raised by plaintiff herein, namely "the question of whether the President can be [*sic*] executive proclamation remove an imported article from one tariff provision to another provision by making the former [?] provision more specific," has any application.

We adhere to our decision in the incorporated *Marconi* case and, on the record presented, overrule the protest on all grounds. Judgment will be entered accordingly.