BEFORE THE SECOND DIVISION, JUNE 24, 1958

**No. 62130.**—Davies, Turner & Co. *v.* United States, protest 234433–K (Philadelphia).

FORD, Judge:   By the suit listed above, plaintiff challenges the action of the collector of customs in classifying certain imported merchandise as automobile parts, with the consequent levy of duty thereon at the rate of 12½ per centum ad valorem under paragraph 369 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.   Plaintiff claims said merchandise to be properly dutiable at the rate of 8¾ per centum ad valorem under paragraph 353 of said act, as modified by the Torquay protocol to said general agreement, 86 Treas. Dec. 121, T. D. 52739, as parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of internal-combustion engines, carburetor type.

Paragraph 369 (b) of the Tariff Act of 1930 reads as follows:

(b)   All other automobiles * * *, all the foregoing, whether finished or unfinished, 10 per centum ad valorem.

Paragraph 369 (c) was modified to read as follows by the General Agreement on Tariffs and Trade:

[369 (c)] Parts (except tires and except parts wholly or in chief value of glass) for any of the articles enumerated in sub-paragraph (a) or (b) of paragraph 369, Tariff Act of 1930, finished or unfinished, not specially provided for:

For motor cycles_____ 15% ad val.
Other_____ 12½% ad val.

Paragraph 353, as modified by T. D. 52739:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Internal combustion engines, carburetor type_____ 8¾% ad val.

Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part * * *. The same rate of duty as the articles of which they are parts.

At the trial of this case, a sample of merchandise was admitted in evidence as exhibit 1, as representing the complete carburetor here involved in its condition as imported, including the various metallic parts enumerated upon the invoice. Counsel for the plaintiff also stated that certain spanners on the invoice, which were assessed under paragraph 396, as modified, at 22½ per centum, were not being contested. While it would appear that counsel for the plaintiff relies primarily upon the claim set out above, he also stated, in his brief filed herein, that he did not abandon his claim under paragraph 372, even though such engines are used with a particular machine classified under a different tariff provision, and cited in support of this argument the case of *Geo. S. Bush* v. *United States*, 41 C. C. P. A. (Customs) 33, C. A. D. 525.

The plaintiff called as the only witness, the president of the ultimate consignee of the merchandise in this case, who testified on direct examination substantially as follows:

That he was president of F. T. Griswold Manufacturing Co., and that its business was purchasing and reselling automobile and engine accessories; that, with the exception of the item listed on the invoice as "Felt gaskets for pistons," all the other items which were classified under paragraph 369 (c) were either carburetors, composed of metal, or metal parts of carburetors; that, for the past 20 years, he has worked on engines which had carburetors fitted into them; that the function of the carburetor is the mixing of the raw fuel with the right proportion of air, in order that it will burn properly inside the cylinder, that is, internal-combustion engines of the carburetor type, which are sparked by electricity; that the subject carburetor was designed to fit on various types of internal-combustion engines requiring a carburetor that could be sparked by an electrical unit, such as a distributor or magneto; that it could be an engine used for many purposes, such as industrial truck, bus, marine, automobile, or tractor; that they all use the same type of carburetor; that the carburetor is essential to the functioning of an internal-combustion engine, and the engine will not operate properly without it; that all of the parts shown on the invoice are essential parts of exhibit 1; and that carburetors, such as exhibit 1, have been used for various purposes in internal-combustion engines since 1900.

Upon cross-examination, the witness testified that his company is engaged in manufacturing optical measuring devices and automobile accessories; that a carburetor controls the amount of air and fuel; that the venturi aids in serving the purpose of controlling the amount of air; that the pump piston is an accelerating device for use when one wants to step on the gas; that there are spare parts for the carburetor, in addition to the complete carburetor, and that these spare parts are

for replacement only; that his company sells the carburetors through automotive distributors to truck fleets and truck operators or owners, and to contractors who have stationary engines for air compressors and things of that nature.

Based upon this record, counsel for the plaintiff contends, in his brief filed herein, that these carburetors are essential to the functioning of internal-combustion engines of the carburetor type and that they serve no other purpose; that they are sold to automotive distributors, to truck operators, to contractors who have stationary engines, such as air compressors, graders, ditch diggers, and shovels, and to marine engine manufacturers; that they are designed for use with various types of internal-combustion engines requiring a carburetor sparked by an electrical unit; that they are used for many purposes, such as automotive, industrial truck, bus, tractor, and marine.

Counsel for the defendant contends, in his brief filed herein, that the issue in this case is controlled by the decision of this court in *Scintilla Magneto Co.* v. *United States*, 47 Treas. Dec. 756, T. D. 40955. In that case, the merchandise consisted of magnetos, dynamos, switchboards, starters, and parts for these articles. The merchandise had been classified as manufactures of metal, not specially provided for, under paragraph 399 of the Tariff Act of 1922 and was claimed to be properly dutiable under paragraph 369 of the same act. In disposing of that case, this court said:

We are of opinion that the testimony herein fairly shows that there are certain types of magnetos which are specially constructed and designed and largely, if not exclusively, employed on automobiles and automotive vehicles, and that the articles hereinabove described are included in that class. Such articles are therefore specifically provided for as parts of automobiles under paragraph 369, and we so hold.

Counsel for the defendant quotes the above from the *Scintilla* case and argues that, under the doctrine of legislative ratification of judicial construction, that case is controlling here, in the absence of very compelling reasons to the contrary.

Counsel for the plaintiff, in a reply brief filed herein, answers the above argument in the following language:

The merchandise in the *Scintilla* case was classified under the catch-all provision in the Tariff Act of 1922 for manufactures in chief value of metal n. s. p. f. (Par. 399). The similar catch-all provision in the 1930 Act is not here involved.

Paragraph 353, Tariff Act of 1930, upon which we rely, was not involved in the *Scintilla* case. The Tariff Act of 1922 contained no such provision.

There is a specific provision in Par. 353 as modified by the President, for internal combustion engines of the carburetor type, and parts for such specifically named engines are therefore more precisely provided for in Par. 353—*Marconi International Marine Communication Co. Ltd.* v. *United States*, 33 Cust. Ct. 435, Abstract 58526.

The above quotation from plaintiff's reply brief makes it clear that the issue in the present case is not controlled by the decision in the *Scintilla* case, *supra.*

Counsel for the defendant in its brief stated, "It is common knowledge that an automobile contains an internal-combustion engine." The evidence adduced herein establishes that the subject carburetors are not limited to automobiles but are integral, constituent, or component parts of any internal-combustion engine. The record further establishes that the internal-combustion engines are used on trucks and busses, as well as for marine and industrial uses, such as stationary engines for air compressors. The carburetors and parts thereof, except the felt gaskets for pistons, which are considered separately, *infra*, are, therefore, parts of the internal-combustion engines, within the purview of paragraph 353 of the Tariff Act of 1930, as modified, *supra.*

The items described on the invoice as felt gaskets for pistons and assessed with duty at 12½ per centum ad valorem under paragraph 369 of the Tariff Act of

1930, as modified, *supra*, present a different problem. The provision covering "parts" in paragraph 369 (c) of the Tariff Act of 1930, as modified, *supra*, applies to all parts "except parts wholly or in chief value of glass." It is to be noted, however, that the like provision of paragraph 353 of the Tariff Act of 1930, as modified, *supra*, under which plaintiff herein claims, is limited to such parts as are "wholly or in chief value of metal." The merchandise described as felt gaskets for pistons is, therefore, excluded from the provision for "parts" under paragraph 353 of the Tariff Act of 1930, as modified, *supra*.

Based upon the record before us, for the reasons stated, we hold all the merchandise covered by this suit, which was assessed with duty at 12½ per centum ad valorem under paragraph 369 of the Tariff Act of 1930, as modified, *supra*, except the items invoiced as "Felt gaskets for pistons," to be properly dutiable at the rate of 8¾ per centum ad valorem under paragraph 353 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra*, as alleged by the plaintiff.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.