(C.D. 2184)

RONCO CORPORATION *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 8, 1960)

Tompkins & Tompkins (Allerton deC. Tompkins of counsel) for the plaintiff. George Cochran Doub, Assistant Attorney General (Daniel I. Auster and Alfred A. Taylor, Jr., trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The protests enumerated in the schedule, attached to and made part of this decision, relate to certain magnetos and parts thereof which were classified as automobile parts in paragraph 369 (c) of the Tariff Act of 1930 (19 U.S.C. §1001, par. 369 (c) ), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and assessed with duty at the rate of 12½ per centum ad valorem.

The claim in the protests relied upon by plaintiff is that the merchandise should properly have been classified as parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of internal-combustion engines of the carburetor type, having as an essential feature an electrical element or device, in paragraph 353 of said act (19 U.S.C. §1001, par. 353), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and subjected to duty at the rate of 8¾ per centum ad valorem.

The only witness, Francis Lieber, was called to testify on behalf of plaintiff. He stated that he was the president and general manager of the plaintiff corporation, an importer of magnetos and distributor of hydraulic equipment for industrial applications. He testified that, since 1930, he has worked on different kinds of engines, including automotive, marine, and various industrial types, and that he has installed magnetos on such engines.

The witness' testimony shows that magnetos, such as the items in question, are "designed to produce the ignition spark on internal-

combustion engines"; that they are exclusively used on internal-combustion engines of the carburetor type, which are sparked by electricity; and that they are essential for the proper functioning of such engines.

All of the magnetos in question were specifically designed for use on combustion engines of the carburetor type. Different items thereof, however, are used with various types of engines used by the witness as follows. The magnetos, represented by invoice items Z–13, Z–156, and 601 are designed for use with Ford-built engines; those represented by invoice item Z–198 are made for Cadillac-built engines; those represented by invoice items Z–204 are made for Buick-built engines; those represented by invoice item Z–81 are for Oldsmobile-built engines; those represented by invoice item Z–107 are for "the British Jaguar engines"; those represented by invoice item Z–27 are for Chevrolet 6-cylinder engines; and those represented by invoice item Z–149 are standard magnetos susceptible of use with any kind of an internal-combustion engine.

All of the various types of engines referred to are used for marine, as well as automotive, purposes. Some of them are also used for industrial purposes, particularly the Cadillac-built, the Buick-built, and the Ford-built engines. In addition to their automotive and marine uses, the Cadillac and Buick engines are used for driving motor generators. The variety of uses for the Ford engines was described by the witness as follows:

They are used for pumping equipment; they are used for electric generator drives; they are used for welding machinery drives; automotive we covered earlier; and there are many marine adaptations, including one brand name engine called the "Interceptor Ford Marine Engine."

Included among the shipments under consideration are certain parts for the magnetos hereinabove described. The witness identified the parts of these magnetos as the articles described as "Drive Adaptor" on the invoice accompanying entry 19092 with protest 301803–K, and the items enumerated on the invoices accompanying entries 10102, 8084, and 6465, covered by protest 272102–K. He stated that the merchandise represented by the items described as "Distributor Head" on the invoice accompanying entry 8084, as well as those described as "Rotor with clip" and "Number disc for Distributor Head" on the invoice accompanying entry 6465, is not composed of metal, whereupon counsel for plaintiff abandoned protest 272102–K insofar as it relates to said items. However, all the other items identified as parts of the instant magnetos are composed wholly or in chief value of metal.

The case of *Davies, Turner & Co.* v. *United States*, 41 Cust. Ct. 306, Abstract 62130, cited by plaintiff in its brief, is deemed to be controlling of the present issue. That case involved certain carburetors and parts thereof which the court found were "not limited to automobiles but are integral, constituent, or component parts of any internal-combustion engine" and that "the internal-combustion engines are used on trucks and busses, as well as for marine and industrial uses, such as stationary engines for air compressors." The carburetors involved therein were, therefore, held to be "parts of the internal-combustion engines, within the purview of paragraph 353 of the Tariff Act of 1930, as modified, *supra*."

The same conclusion applies in this case. Plaintiff's uncontradicted testimony herein establishes that the magnetos in question are integral, constituent, or component parts of internal-combustion engines of the carburetor type, whose use is not limited to automobiles but includes marine purposes, and also, as to some of the types heretofore set forth, for industrial purposes. They are, therefore, properly classifiable as parts of internal-combustion engines of the class or type contemplated by paragraph 353 of the tariff act, as modified, *supra*, and, accordingly, are dutiable at the rate of 8¾ per centum ad valorem, as claimed by plaintiff.

On the well-established principle that "an integral part of an integral part of an article is an integral part of such article," *United States* v. *American Express Co.*, 29 C.C.P.A. (Customs) 87, C.A.D. 175, the metal parts of the magnetos, above referred to, are classifiable, like the magnetos themselves, as parts of internal-combustion engines of the carburetor type, within the purview of paragraph 353, as modified, *supra*, and likewise dutiable at the rate of 8¾ per centum ad valorem, as claimed by plaintiff.

On the record before us, and for the reasons hereinabove set forth, the claim in the protests, relied upon by plaintiff, is sustained, except as to the items described as "Distributor Head" on the invoice accompanying entry 8084, as well as those described as "Rotor with clip" and "Number disc for Distributor Head" on the invoice accompanying entry 6465, both of which entries are covered by protest 272102–K. As to the merchandise represented by the said described items, protest 272102–K is dismissed.

Judgment will issue in accordance with the views above expressed.