BEFORE THE SECOND DIVISION, MARCH 4, 1963

**No. 67483.**—Coles Cranes, Inc. *v.* United States, protest 61/15041 (New York).

FORD, Judge: The merchandise covered by the above protest consists of slew units, which are the parts that permit the superstructure of certain Coles mobile cranes the subject of *Coles Cranes, Inc.* v. *United States*, 32 Cust. Ct. 108, C.D. 1590, the record of which was incorporated herein, to rotate 360 degrees. They were classified under the "parts" provision of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and assessed with duty at 13¾

per centum ad valorem. Said paragraph 353, as modified, *supra*, provides as follows:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other * * *_____ 13¾% ad val.

| Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part (not including X-ray tubes or parts thereof)_____ | The same rate of duty as the articles of which they are parts |
|---|---|

Plaintiff contends said merchandise to be dutiable at 11½ per centum ad valorem under the "parts" provision of paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which provides as follows:

Machines, finished or unfinished, not specially provided for:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other * * *_____ 11½% ad val.

| Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part. | The rate for the article of which they are parts. |
|---|---|

Alternatively, it is claimed to be properly dutiable under the "parts" provision of paragraph 369 of the Tariff Act of 1930, as modified by said Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*, at 10½ per centum ad valorem, which provides, so far as is pertinent herein, as follows:

[369(a)]  Automobile trucks valued at $1,000 or more each, automobile truck and motor bus chassis valued at $750 or more each, automobile truck bodies valued at $250 or more each * * *.

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

[369(c)]  Parts (except tires and inner tubes and except parts wholly or in chief value of glass), finished or unfinished, not specially provided for, for any of the articles described in item 369(a) or 369(b) in this Part_____ 10½% ad val.

Based upon the record in the incorporated case, this court held the imported cranes involved therein to be properly dutiable at 15 per centum ad valorem under the provision for machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, rather than as automobile trucks, under paragraph 369(a) of said act, as modified by said general agreement, or as automobile chassis under paragraph 369(b) of said act. Other claims in the protest in said incorporated case were held to be without merit.

The record, as presented to the court in the case at bar, establishes that the slewing units covered by this action are parts which are essential to the efficient operation of the Coles mobile cranes, which cranes are identical to those in the incorporated case. Since the slewing units are, in fact, parts of cranes, which have been held, in C.D. 1590, *supra*, to be properly dutiable under the provisions of paragraph 372, *supra*, they would ordinarily fall within the purview of the parts provision of said paragraph 372.

The question of notice by reason of change of practice is also presented to the court for consideration.

It is alleged, in brief of plaintiff and substantiated in the "Report of Collector on Protest" in the incorporated case, that, on September 27, 1949, the Bureau of Customs issued a ruling, identified as C.I.E. 371/49, which held Coles mobile cranes to be properly subject to classification under the provisions of paragraph 372 of the Tariff Act of 1930, as modified. The pertinent portions of this ruling are contained in plaintiff's exhibit 2. Subsequently, on February 24, 1954, this court, in its decision, held the classification, originally given by the Bureau of Customs, to be correct. By virtue of this history, plaintiff contends some notice should have been given by the Bureau of Customs of the change in practice either under the provisions of section 315(d) of the Tariff Act of 1930, as amended by section 3(a) of the Customs Simplification Act of 1953, T.D. 53318, or by a notice limiting the decision of the court to the test case with a view of presenting a new case to the court.

The record does not establish that the Bureau of Customs issued a ruling changing the classification given the merchandise in the C.I.E. ruling of September 27, 1949. However, whether such a ruling was made or the collector of customs at the port of entry, on his own, classified the involved merchandise contrary to the C.I.E. ruling and the decision of this court in C.D. 1590, *supra*, the classification was, in fact, changed from paragraph 372 of said act, as modified, *supra*, to paragraph 353 of said act, as modified, *supra*. If the Bureau did instruct the collector to classify the involved merchandise under paragraph 353, as modified, *supra*, it did so in violation of its own regulation 16.10 (d) and (e). Such regulation is binding on the importer and Government officials. Failure on the part of customs officials to comply with the regulations may not deprive the importer of his rights. *Armour and Company* v. *United States*, 29 Cust. Ct. 296, C.D. 1482.

Whatever the reason was for the change of classification from paragraph 372, *supra*, to paragraph 353, *supra*, it is at least obvious that the Bureau of Customs did make a ruling on September 27, 1949, with respect to Coles electric mobile cranes which was circularized by the Customs Information Exchange as C.I.E. 371/49. Under section 502(a) of the Tariff Act of 1930, the Secretary of the Treasury is given the right to promulgate rules and regulations and disseminate such information as may be necessary to secure a just, impartial, and uniform appraisement of imported merchandise and the classification and assessment of duties thereon at the various ports of entry. The provisions of section 502(a) are as follows:

(a) POWERS OF SECRETARY OF THE TREASURY.—The Secretary of the Treasury shall establish and promulgate such rules and regulations not inconsistent with the law, and may disseminate such information as may be necessary to secure a just, impartial, and uniform appraisement of imported merchandise and the classification and assessment of duties thereon at the various ports of entry, and may direct any appraiser, deputy appraiser, assistant appraiser, or examiner of merchandise to go from one port of entry to another for the purpose of appraising or assisting in appraising merchandise imported at such port.

The Customs Information Exchange is the organization which disseminates this information. This arm of the Bureau of Customs, under its present title, was created on May 1, 1922, by order of the then Secretary of the Treasury, Andrew W. Mellon. (See 41 Treas. Dec. 160, T.D. 39064; 55 Treas. Dec. 402, T.D. 43246.) Its predecessor, known as the Comparative Valuation Report Bureau, was created on November 1, 1911, to take over the work heretofore done by the Board of General Appraisers in connection with the comparison of the classification and appraisements of imported merchandise at the various ports of entry, 21 Treas. Dec. 341, T.D. 31936. Originally, the Customs Information Exchange and its predecessor were under the direction of the Assistant

Secretary of Treasury in charge of revenue and under the supervision of the Special Agency Service. In 1937, it was removed from the agency service and placed under the Commissioner of Customs, 72 Treas. Dec. 248, T.D. 49127.

Accordingly, the circularization of the ruling of the Bureau of Customs in the form of C.I.E. 371/49 establishes a presumption that such ruling is being uniformly carried out by the collector of customs at the various ports of entry. This would seem to require a notice of change of practice, pursuant to section 315(d), *supra*.

The various rulings of the Bureau of Customs covering other cranes are distinguishable, since they applied to other types of cranes and not a mobile crane. In any event, the ruling on the Coles mobile crane should be the one applicable to the merchandise at bar.

In view of the foregoing, it is not necessary to consider the effect of the previous decision in the incorporated case. However, the court feels certain observations should be made with respect to the previous decision. Mobile cranes, of which the merchandise is parts, were passed uopn in C.D. 1590, *supra*. Since the court has already decided the issue in the incorporated case, the importer of this merchandise is entitled to rely upon the classification given to it by the court. There was no appeal, nor was a notice issued and published, as is the usual practice in such cases, which would advise the importer that the Government was limiting the decision to the case therein and that a new case was being prepared for submission to the court.

This court, of course, recognizes the fact that the rule of *res adjudicata* is not generally applicable in customs cases, the reasons for which were clearly presented in *United States* v. *Stone & Downer Co.*, 274 U.S. 225. While this may be true, sound business practice dictates some form of adequate notice be given to an importer when the Bureau of Customs is of the opinion that a decision of this court or the United States Court of Customs and Patent Appeals should not be followed, in order to permit a retrial of the issue. The Customs Regulations, section 16.10 (d) and (e), require the collectors to follow the decisions of this court and the United States Court of Customs and Patent Appeals favorable to the Government, which is the situation with respect to C.D. 1590, *supra*, on all unliquidated entries, and liquidated warehouse entries, which can be reliquidated within 60 days from the date of liquidation. In addition, even though C.D. 1590, *supra*, was in favor of the Government, if it now be considered as adverse to the Government, under Customs Regulation 16.10(g), the principle of the decision of this or our appellate court must be followed by the collector, *unless* the *Bureau of Customs otherwise directs*. The latter portion of the foregoing sentence in conjunction with the usual procedure of publishing in the Treasury Decisions notice of limiting the decision in a particular case in order to prepare a new case, for the retrial of the issue, leads us to the conclusion that the Bureau of Customs is also of the opinion that some form of notice of limiting a court decision is required as a matter of sound business practice, fairness to the public, respect to the court rendering the decision, or for whatever reason it may have.

What the court's position might be, if a new case is presented, is speculative, but, for the purpose of this case, proper notice not having been given, as required when an established and uniform practice is changed, resulting in a higher rate of duty, the protest is sustained insofar as the claim for classification under paragraph 372 of the Tariff Act of 1930, as modified, *supra*, is concerned. All other claims are overruled.

Judgment will be entered accordingly.

CONCURRING OPINION IN PART

LAWRENCE, Judge: It appears from the record herein that the subject merchandise consists of parts of certain Coles mobile cranes, and that said cranes are, by virtue of a decision of this court, presently classifiable as machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified. *Coles Cranes, Inc.* v. *United States*, 32 Cust. Ct. 108, C.D. 1590, from which no appeal was filed.

Inasmuch as "parts," which are classifiable in paragraph 353 of said act, as modified, are subject to the same rate of duty as the articles provided for in paragraph 353 of which they are parts, it logically follows that parts of articles which are classifiable in paragraph 372 can not be relegated to paragraph 353, as was attempted by the collector in this case.

Consequently, there is no escape from the conclusion that the subject merchandise should be classified in paragraph 372 as "parts" of machines.

In my opinion, therefore, we do not reach the question of "change of practice" discussed in the foregoing opinion. In the circumstances of the case, that question has become moot.

For the reasons stated above, I concur in the foregoing opinion and judgment, only so far as they find and hold that the parts in controversy are properly classifiable in paragraph 372, as claimed by plaintiff.