BEFORE THE SECOND DIVISION, OCTOBER 13, 1966

**No. P66/266.**—Ronco Corporation *v.* United States, protests 65/2795, etc. (Philadelphia).

RAO, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of magnetos, not dedicated to use in any vehicle or machine, in chief value of metal, or metal parts thereof dedicated for use therewith, similar in all material respects to those the subject of *Ronco Corporation* v. *United States* (44 Cust. Ct. 253, C.D. 2184), the claim of the plaintiff was sustained.

**No. P66/267.**—Bloomingdale Bros. (a div. of Fed. Dept. Stores, Inc.) *v.* United States, protests 65/23555 and 65/25560 (New York).

RAO, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of electric coffee grinders, having as an essential feature an electrical element or device, without which the articles will not operate, and that the issues involved are analogous to those in *Bruce Duncan Company, a/c Sims-Worms* v. *United States* (45 Cust. Ct. 85, C.D. 2202) and *United States* v. *Electrolux Corporation* (46 CCPA 143, C.A.D. 718), the claim of the plaintiff was sustained.

**No. P66/268.**—Coles Cranes, Inc. *v.* United States, protest 61/14504 (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of mobile cranes or parts, dedicated thereto, similar in all material respects to those the subject of *Coles Cranes, Inc.* v. *United States* (50 Cust. Ct. 221, Abstract 67483), the claim of the plaintiff was sustained.